IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patrick K. Kilbane,                                  Case No. 3:10 CV 2751

         Plaintiff,                           MEMORANDUM OPINION
                                            AND ORDER
      -vs-
                                            JUDGE JACK ZOUHARY

Huron County Commissioners, et al.,

         Defendants.

### INTRODUCTION

*Pro se* Plaintiff Patrick Kilbane filed this action under 42 U.S.C. § 1983 against Huron County Commissioners G. Bauer, M. Adelnan, and L. Silcox, Firelands Mental Health Employee Tim Williams, Dr. Richard Cole, and Huron County Sheriff Dane Howard (Doc. No. 1). Plaintiff alleges he was unfairly convicted on assault charges and was denied access to the courts.

### BACKGROUND

Plaintiff claims he was transferred from the Lakewood County Jail to the Huron County Jail in April 2010 because of prison overcrowding. Plaintiff was serving six-month and thirty-day sentences for driving under the influence and possession of drug paraphernalia. He further claims he has attention deficit hyperactivity disorder ("ADHD").

In May 2010, Plaintiff, after a fight with another inmate, was charged with assault. Plaintiff's request for appointment of counsel at his arraignment was denied. He appeared *pro se* in Huron County Municipal Court on June 2, 2010 expecting a preliminary hearing. Instead, he discovered the matter was proceeding directly to a bench trial. He was convicted and sentenced to an additional 180 days incarceration.

Plaintiff claims that when he attempted to conduct research to file an appeal, prison officers denied him access to a law library or information concerning appeals. He also claims he tried to get medications from Defendants Dr. Cole and Williams for his ADHD condition, and was allegedly told Huron County was not required to treat him for ADHD.

Plaintiff asserts three general claims for relief. First, he contends the County Commissioners created an informal policy to deny counsel and jury trials to indigent criminal defendants. He states the Judge presiding over his criminal case followed this policy. Second, he claims the Commissioners created a policy to deny law library materials to inmates. He asserts Sheriff Howard followed this policy and denied him access to the courts. Third, he claims Dr. Cole and Williams were deliberately indifferent to his serious medical needs.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

**Commissioners' Policies**

To the extent Plaintiff is bringing claims against the Commissioners in their official capacities, he fails to state a claim upon which relief may be granted. A claim for damages against a state or municipal officer in his official capacity is the equivalent of an action against the public entity he represents. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The claims against the Commissioners in their official capacities are construed against Huron County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, the government entity can be held liable only when the plaintiff's injury is incurred as the direct result of the execution of the government's policy or custom, whether made by its lawmakers or by those whose orders may be said to represent official policy. *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally implements or executes an ordinance, regulation, or decision officially adopted by its officers. *Id.* at 690. The Complaint contains no factual allegations pertaining to Huron County or any of its policies. Plaintiff simply concludes, without explanation, he was denied counsel and access to a library as a result of a policy of the Huron County Commissioners.

Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rule 8 does not require Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* To hold Huron County liable for the actions of county employees, Plaintiff must identify the policy, connect the policy to Huron County itself, and show the particular injury was incurred because of the execution of that policy. *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). Simply concluding he was injured as a result of an unspecified policy is not sufficient to meet the pleading standard of Rule 8.

To the extent Plaintiff is bringing claims against the Commissioners in their individual capacities, he also fails to state a claim upon which relief may be granted. Plaintiff cannot establish

the liability of any Defendant absent a clear showing that Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Defendants must play more than a passive role in the alleged violations or show mere tacit approval of the actions in question. *Id*. At a minimum, Plaintiff must show the Commissioners encouraged or condoned the actions of County employees. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). The Complaint does not contain allegations suggesting the Commissioners knew Plaintiff or in any way personally participated in the alleged actions.

### Denial of Counsel

In addition, Plaintiff cannot use a Section 1983 action to challenge the denial of appointment of counsel in his criminal case. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory, or monetary relief. *Wilson v. Kinkela*, 1998 WL 246401 at *1 (6th Cir. 1998). Plaintiff's assertion he was denied counsel raises a claim which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claim therefore must be dismissed.

### Deliberate Indifference

Plaintiff has not established a claim against Dr. Cole and Williams under Section 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws

4

of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted "under color of state law," Defendant must be a state or local government official or employee.

Plaintiff does not allege either Williams or Dr. Cole is a government employee. He states Williams is employed in some capacity by the Firelands Mental Health facility. He does not indicate where Dr. Cole is employed. A private party may only be found to have acted under color of state law to establish the first element of this cause of action when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that the party's actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Plaintiff has not set forth facts to suggest these two Defendants are, in fact, state actors under either standard.

Moreover, Plaintiff has not included any factual allegations against Williams or Dr. Cole. He simply concludes they were deliberately indifferent to his serious medical needs. Legal conclusions alone are not sufficient to present a valid claim. *Iqbal*, 129 S. Ct. at 1949. Plaintiff's claims against Williams and Dr. Cole are stated entirely as legal conclusion. They do not meet the pleading standard of Rule 8.

**Access to Courts**

Plaintiff's access to courts allegations against Sheriff Howard do however provide a basis for a valid claim. When Plaintiff was charged with assault and subsequently appeared before the Huron County Municipal Court, Plaintiff's constitutional right to counsel attached. *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 194 (2008). Plaintiff allegedly requested access to a law library to research his claims and the necessary forms to file an appeal following his conviction on the assault charge, both

of which were denied. Thus, while Plaintiff's claim regarding denial of counsel may not be brought under this Section 1983 action as discussed above, his access to courts allegation is proper in a Section 1983 action because the denial of access to necessary materials contributed to his inability to challenge his conviction and denial of counsel.

In order to bring a Section 1983 claim for violation of a prisoner's right of access to the courts, the prisoner must "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). That is, the prisoner must demonstrate "actual injury," by showing that his underlying claim was nonfrivolous. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (reasoning that the "actual injury" requirement means that inmates must "demonstrate that a nonfrivolous legal claim ha[s] been frustrated or was being impeded."). Plaintiff's allegations need not demonstrate that the underlying claim will be successful; instead, deprivation of an "arguable (though not yet established) claim" is sufficient. *Id.* at 353 n.3. Plaintiff has pled that here -- he was allegedly denied both access to counsel and access to the rudimentary forms to challenge the imposition of the additional 180-day sentence on the assault charge. This is sufficient to show both an arguable claim and an actual injury.

## CONCLUSION

The case shall proceed solely on Plaintiff's access to courts claim against Sheriff Howard. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendant Howard.

Plaintiff's claims against the Huron County Commissioners, Williams, and Dr. Cole are dismissed under 28 U.S.C. § 1915(e). Plaintiff's Application to Proceed *In Forma Pauperis* is granted

(Doc. Nos. 2, 4, 5). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                           s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

May 3, 2011