IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patrick K. Kilbane,                                    Case No. 3:10 CV 2751

                                                                                            MEMORANDUM OPINION
                                      Plaintiff,                 AND ORDER

                                           -vs-                                 JUDGE JACK ZOUHARY

Huron County Commissioners, et al.,

                                      Defendants.

## INTRODUCTION

Plaintiff Patrick Kilbane is a former inmate in the Huron County Jail and alleges, pursuant to 42 U.S.C. § 1983, Defendants violated his constitutional rights (Doc. No. 1 at 5). This is the second round of dispositive motions in this case. In the first round, Plaintiff's claims against Tim Williams, Dr. Richard Cole, and the Huron County Commissioners, were dismissed (Doc. No. 7). In this second round, this Court addresses the remainder of Plaintiff's claims against the now lone Defendant, Huron County Sheriff Dane Howard (Doc. No. 16). Plaintiff did not file an Opposition. For the following reasons, Defendant's Motion is granted.

## BACKGROUND

Plaintiff was transferred from Lakewood Jail to Huron County Jail in April 2010 (Doc. No. 1 at 4). He was serving a 205-day sentence for operating a vehicle under the influence and possession of drug paraphernalia (Doc. No. 16-4 at 19). While at Huron County Jail, Plaintiff committed several disciplinary violations, including two fights within 45 days of his arrival (Doc. No. 16-5 at 1; Doc.

No. 16-6 at 1). As a result of the second fight, Huron County Prosecutors filed a Complaint in the Norwalk Municipal Court in May 2010 (Doc. No. 16-7 at 4). Plaintiff was sentenced to 90-days to run consecutively with his current sentence (Doc. No. 16-9 at 1).

Plaintiff alleges he attempted to appeal this sentence (Doc. No. 1 at 5). He further alleges correction officers denied his requests for law books (Doc. No. 1 at 5). In July 2010, Plaintiff met with Attorney Rebecca Murphy who later requested Sheriff Howard deliver an enclosed book to Defendant and further advised that Defendant would be receiving two more books over the next 7–10 days (Doc. No. 16-15 at 1). Defendant, apparently, received only one other book (Doc. No. 16-2 at 4). Plaintiff alleges these books were legal in nature and designed to assist him in his appeal although the record does not specifically identify any book by title (Doc. No. 1 at 5). Plaintiff does not dispute that the jail only received two books.

Plaintiff filed this Complaint in December 2010 (Doc. No. 1), and was released from Huron County Jail in January 2011 (Doc. No. 16-2 at 7). In Count II of his Complaint, Plaintiff alleges the denial of legal materials was based upon an informal policy of the Huron County Commissioners and further, Sheriff Howard denied legal access when his officers "punished plaintiff's paralegal by false inprisonating [sic] him" (Doc. No. 1 at 5–7).

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(a), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, the court must draw all

inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

## **ANALYSIS**

Section 1983 requires a plaintiff to establish: (1) a deprivation of a right secured by the Constitution or United States law; and (2) a deprivation caused by a person acting under color of state law. *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)). A state actor may be liable under Section 1983 either in his official capacity or as an individual. *See Cain v. Irvin*, 286 F. App'x 920, 927 (6th Cir. 2008) (analyzing a suit against an individual in his official capacity under the framework for municipal liability); *see also Hays v. Jefferson County, Ky.*, 668 F.2d 869, 873 (6th Cir. 1982) (requiring a causal link between the individual and the alleged deprivation). A defendant cannot be held liable under the doctrine of *respondeat superior*. *Searcy*, 38 F.3d at 287.

The First Amendment to the U.S. Constitution creates a right of access to the courts. This right requires "prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in law." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). This right "extends to direct appeals, habeas corpus applications, and civil rights claims . . . ." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). However, plaintiff must "prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefiled*, 92 F.3d 413, 416 (6th

3

Cir. 1996). Finally, the Sixth Circuit has held that where an inmate had access to a lawyer and to personal law books, he could not state a claim for violation of his constitutional right of access to the courts. *Hold v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

Plaintiff alleges he was denied access to the courts. Plaintiff had access to an attorney and was given legal materials as they became available. It appears, reading the *pro se* Complaint liberally, the basis for the claim against Defendant is the denial of legal materials and the false imprisonment of his paralegal (Doc. No. 1 at 5–6).

Regarding Plaintiff's allegation of false imprisonment, Plaintiff adduces no evidence. It is unclear how and to what extent this alleged imprisonment deprived Plaintiff of any constitutional right or how Defendant, either under the color of law, or as an individual, dishonestly jugged Plaintiff's paralegal. In any case, Plaintiff's standing to bring such a claim on behalf of a third party, paralegal or otherwise, is dubious. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). To the extent Plaintiff makes a claim under Section 1983 for the false imprisonment of his paralegal, the Court finds there is no genuine issue of material fact.

Regarding the claim against Defendant for the denial of access to legal materials, Plaintiff does not identify the number, title, or subject of books that were denied to him. Based on the affidavits submitted by Defendant, the legal materials in question appear to be limited to one book that was supposed to be sent to Plaintiff from a publisher. This book never arrived and therefore Defendant could not provide it to him (Doc. No. 16-2 at 4). The Court finds Defendant's failure to provide a single book to Plaintiff, which was never in Defendant's possession to begin with, does not amount to a violation of the U.S. Constitution.

4

Even assuming the denial did amount to a deprivation of constitutional rights, Defendant neither acted in his official capacity nor as an individual to deprive Plaintiff of his rights. Plaintiff has produced no evidence that the Huron County Jail, or any other governmental entity, has a policy of denying legal materials to inmates nor is there any allegation Defendant personally intercepted any legal materials bound for Plaintiff. Defendant cannot be held liable under a theory of *respondeat superior*. *Searcy*, 38 F.3d at 287. At this stage in the proceedings, Plaintiff cannot hope to stand on his bald allegations and hope to survive summary judgment, particularly when Defendant has provided an unopposed motion supported by ample record evidence. Plaintiff's constitutional rights were not deprived, and even if they were, Defendant had no role in depriving them.

## CONCLUSION

For the foregoing reasons, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment (Doc. No. 16) is granted.

IT IS SO ORDERED.

       s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 5, 2011